UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-81648-Civ-MATTHEWMAN

IN THE MATTER OF THE COMPLAINT OF
TYLER CHAVES, FOR EXONERATION FROM
OR LIMITATION OF LIABILITY AS OWNERS
OF A 23-FOOT 2005 PRO-LINE BOAT, HULL ID
NO. PLCSP054H405
_____/



## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER AND CLAIMANT GET MY BOAT, INC.'S JOINT *DAUBERT* MOTION TO STRIKE CERTAIN OPINIONS OF CLAIMANT'S LIABILITY EXPERT, ALAN RICHARD [DE 63]

THIS CAUSE is before the Court upon Petitioner Tyler Chaves' ("Petitioner") and Claimant/Cross-Defendant Get My Boat Inc.'s ("Claimant GMB") Joint *Daubert* Motion to Strike Certain Opinions of Claimant's Liability Expert, Alan Richard ("Motion") [DE 63]. Claimant Donald Partridge ("Claimant Partridge") has filed a response to the Motion [DE 78], and Petitioner and GMB have replied [DE 93]. The Court held a hearing on the Motion on January 25, 2024. The matter is now ripe for review. The Court has carefully considered the parties' written submissions, the parties' oral argument at the hearing, the record, and applicable law.

### I.    BACKGROUND

Claimant Partridge has disclosed Alan Richard as his marine safety and regulations expert. [DE 63 at 2]. Alan Richard seeks to provide expert opinions on alleged safety defects and shortcomings in Petitioner's rental of his vessel. *Id.* The entirety of his expert report and detailed opinions is on the docket at DE 63-1.

1

## II.     MOTION, RESPONSE, AND REPLY

In their Motion, Petitioner and Claimant GMB seek to exclude the opinions of Mr. Richard and argue that Mr. Richard's opinions are rife with impermissible legal conclusions that are not helpful to the Court. [DE 63 at 4–9]. According to Petitioner and Claimant GMB, "[h]ired attorney Richard's opinions regarding the purported negligence of Chaves, the seaworthiness of his boat, and supposed statutory violations and their bearing on the subject incident are not helpful to the trier of fact in this matter." *Id.* at 6. They further argue that "Attorney Richard attempts to cloak his advocacy as 'expert opinions,' which invades the province of the trier of fact not only through his express statements that Chaves was negligent, but also his insinuations that the vessel was unseaworthy due to the lack of an ECOS lanyard." *Id.* Petitioner and Claimant GMB claim that the "trier of fact is fully capable of assessing the facts and determining liability based on those facts; he/she does not require expert testimony to rule on given issues. This is particularly true regarding Richard's opinions on the alleged statutory violations, as even if they had occurred, they could certainly be considered to have little, if any, bearing on the purported causes of the incident or how it unfolded." *Id.* at 8–9. They assert that Mr. Richard's opinion on what damages should or should not be awarded is wholly improper. *Id.* at 9. Finally, Petitioner and Claimant GMB take issue with Mr. Richard's use of legal terms, opinion on negligence, and opinion on the applicability and extent of the Florida Livery Statute. *Id.*

In response, Claimant Partridge concedes that Mr. Richard "is not entitled to opine on what damages are available to Partridge" and that whether Claimant GMB was a principal or accessory before the fact in Petitioner's statutory breaches is a legal conclusion within the province of the Court. [DE 78 at 2, 4]. Next, Claimant Partridge asserts that "Captain Richard's opinion would be

2

helpful to the trier of facts to describe what is an ECOS Link and how it works. It would also be helpful to explain how not having an ECOS Link aboard would impact the requirement that the vessel be seaworthy before the voyage as stated." *Id.* Claimant asserts more generally that Mr. Richard "should be allowed to discuss facts and draw reasonable conclusions from them as to whether or not standards of care were met, or not met, by Chaves. The same thing would be true as to facts that prove statutory violations of the Florida Boating Safety statutes occurred." *Id.* Claimant Partridge also believes that Mr. Richard's opinion that "both Chaves and GMB were negligent is permissible under FRE 704" and there "is nothing improper about an expert citing to facts which demonstrate breaches of duty." *Id.* at 3–4. Claimant Partridge further points out that, at the bench trial, the "Court can simply disregard Captain Richard's opinions should it choose to do so or give them the weight they deserve." *Id.* at 4. He asserts that an "expert is permitted to opine on the ultimate issue under FRE 704(a)" and "[t]he mere reference to a term with legal significance in an expert opinion does not necessarily transform the opinion into an inadmissible legal conclusion." *Id.* at 4–5. Rather, the "pertinent inquiry is whether Captain Richard's opinions are admissible factual opinions, or whether they are inadmissible on the grounds they represent conclusions as to determinative questions of law." *Id.* at 5. Finally, Claimant Partridge argues that experts routinely testify as to industry standards and safety practices, and, in this specific case, that "would include safe boating practices and complying with the Florida Statutes and Florida administrative code regarding renting of boats for money." *Id.*

In reply, Petitioner and Claimant GMB first assert that "Mr. Richard's opinion regarding the engine cut-off switch, addressed as Opinion two (2), remains an impermissible legal conclusion due to his inclusion of the term 'unseaworthy.'" [DE 93 at 2]. Next, they argue that Mr. Richard

3

improperly uses a legally operative term—"negligent"—and that term should be "excluded for invading the providence of the Judge." *Id.* They also contend that Mr. Richard cannot testify that Petitioner "breached his statutory duty" by failing to display the safety placard since "[b]reach of a statutory duty is an opinion that clearly assigns liability in no uncertain terms, and should be excluded on similar grounds to his other opinions that use legally significant terms." *Id.* at 3. Petitioner and Claimant GMB further maintain that "all of Richard's conclusions of law as to GMB are inadmissible and should be stricken." *Id.* at 4. Finally, Petitioner and Claimant GMB argue with regard to Mr. Richard's opinions generally that "every opinion offered by Richard addresses either the applicability of certain statutes, or the breach in duty owed, rather than the relevance of certain statutes and the duties owed beyond the common knowledge as the average lay person." *Id.* at 5. They further maintain that the "use of legal language in an expert opinion is permissible when it trac[k]s with statutory language, when the opinion is as to the facts of the matter, not as to the ultimate issue of liability." *Id.*

### III.   RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony.[1] A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306

---

[1] The newest version of the Rule (which went into effect on December 1, 2023) states as follows: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. The Court is aware of the changes to Rule 702, and the rulings contained in this Order are consistent with the new version.

(11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2–3 (S.D. Fla. July 1, 2020) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n*, 2020 WL 3581611, at *3 (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999)).

"[C]ourts must remain chary not to improperly use [Rule 702's] admissibility criteria to supplant a plaintiff's right to a jury trial." *Moore v. Intuitive Surgical, Inc.*, 995 F.3d 839, 850 (11th Cir. 2021) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (quotation marks omitted)); *see also Quiet Tech. DC-8, Inc.*, 326 F.3d at

5

1341 (11th Cir. 2003) ("[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence ... [or to] supplant the adversary system or the role of the jury." (citation and quotation marks omitted)). But neither can a court abdicate its "gatekeeping role" to ensure that expert testimony is reliable before it is admitted, as required by *Daubert* and Rule 702. *See McLain v. Metabolife, Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005) ("A trial court ... abuses its discretion by failing to act as a gatekeeper" to ensure reliability of expert testimony); *see also Wilson v. Flack*, No. 19-14294, 2022 WL 4477025, at *8 (11th Cir. Sept. 27, 2022).

In a bench trial, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for h[er]self." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *see also Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000); *Ass Armor, LLC v. Under Armour, Inc.*, No. 15-cv-20853-CIV, 2016 WL 7156092, at *4 (S.D. Fla. Dec. 8, 2016). That is because the Court as a fact finder is "presumably competent to disregard what he thinks he should not have heard, or to discount it for practical and sensible reasons." *Ass Armor*, 2016 WL 7156092, at *4 (internal quotation marks and citations omitted). At trial, the Court as fact finder is free to later decide to disregard testimony in whole or in part and/or to decide how much weight to give the testimony. *See Brown*, 415 F.3d at 1270.

Thus, "[w]here a trial judge conducts a bench trial, the judge need not conduct a *Daubert* (or Rule 702) analysis before presentation of the evidence, even though [s]he must determine admissibility at some point." *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV, 2017 WL 4867012, at *1 (S.D. Fla. June 2, 2017) (quoting *Kansas City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016)). "Notwithstanding, courts may still go through

the individual analyses of the experts or motions, and have granted these motions to strike prior to the bench trial." *Broberg v. Carnival Corp.*, No. 17-cv-21537, 2018 WL 4778457, at *1 (S.D. Fla. June 11, 2018) (citing *Exim Brickell LLC v. Bariven, S.A.*, No. 09-CV-20915, 2011 WL 13131317, at *4 (S.D. Fla. Mar. 11, 2011); *Goldberg v. Paris Hilton Entm't, Inc.*, No. 08-22261-CIV, 2009 WL 1393416, at *4 (S.D. Fla. May 18, 2009)), *report and recommendation adopted*, No. 17-21537-CIV, 2018 WL 4776386 (S.D. Fla. July 3, 2018); *see also W. Palm Beach Acquisitions, Inc. v. Kia Motors Am., Inc.*, No. 20-CV-80780, 2022 WL 1211403, at *2 (S.D. Fla. Apr. 25, 2022).

### IV.   ANALYSIS AND RULINGS

#### A. Mr. Richard's Qualifications

With regard to the *Daubert* analysis, Petitioner and Claimant GMB do not dispute Mr. Richard's qualifications and have waived any argument about his qualifications. The Court also independently finds Mr. Richard to be qualified in light of his credentials. *See* DE 78-1.

#### B. Reliability of Mr. Richard's Methodology

At the January 25, 2024 hearing, counsel for Petitioner argued that Mr. Richard, who is a maritime lawyer and a law professor, is acting as nothing more than an advocate for Claimant Partridge and that he is trying to provide opinions about factual findings and conclusions of law that Claimant Partridge's attorneys can argue to the trier of fact. In other words, Petitioner contends that Mr. Richard is trying to provide legal argument cloaked as an opinion testimony and notes that Mr. Richard is not a scientific expert or engineer. Claimant GMB has adopted these arguments. To the extent that Petitioner and Claimant GMB object to Mr. Richard's methodology, their arguments on methodology are inextricably intertwined with the issue of whether Mr. Richard's

testimony would assist the trier of fact, which is discussed below.

### C. Whether Mr. Richard's Testimony Would Assist the Trier of Fact

The main argument in the Motion is that Mr. Richard's testimony would not assist the trier of fact. "[E]xpert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person" and offers something "more than what lawyers for the parties can argue in closing arguments." *Webb v. Carnival Corp.*, 321 F.R.D. 420, 425 (S.D. Fla. 2017) (quoting *Frazier*, 387 F.3d at 1262–63). Furthermore, while "[a]n expert may testify as to his opinions on an ultimate issue of fact . . . he 'may not testify as to his opinion regarding ultimate legal conclusions.'" *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014) (quoting *United States v. Delatorre*, 308 Fed. App'x 380, 383 (11th Cir. 2009)).

The Court has carefully reviewed Mr. Richard's opinions in his expert report, DE 63-1 at 5–8, and finds that the wholesale exclusion of Mr. Richard's testimony is not proper here, especially in light of the fact that this case is proceeding to a bench trial. However, pursuant to the applicable law, Mr. Richard shall not be permitted to provide legal opinions or legal conclusions, or state a legal determination as to whether, for example, a party was negligent. The Court does not want a law professor and lawyer testifying at trial as to how the case should be decided. Those are determinations to be made by the Court, not an expert. Further, Mr. Richard shall not be permitted to testify on issues and topics that simply do not require expert testimony, such as Opinions # 1, 2, 3, 4, 6, 7 in the expert report [DE 63-1]. The parties can either agree to these facts or the Court can determine these facts without necessity of an expert. Finally, in light of the Court's summary judgment rulings, several of Mr. Richard's opinions are now moot, such as Opinion # 5.

The Court has also considered the remaining opinions not expressly referenced above. The Court finds that Opinion # 8 is questionable and cannot discern why it is necessary; however, the Court will not disallow Opinion # 8 at this juncture. For Opinions # 9, 10, 11, 13, and 14 (to the extent they are not now moot in light of the Court's prior rulings in this case), Mr. Richard can testify as to his opinions on ultimate issues of fact, but not as to his opinions on ultimate legal conclusions. The Court also finds that Opinions # 12, 15, 16, and 17 are improper expert opinions.

If Mr. Richard's testimony on opinions 8, 9, 10, 11, 13, and 14 stray too far afield, Petitioner and Claimant GMB can lodge contemporaneous objections or motions to strike, for determination by the trial judge. Additionally, all of Mr. Richard's testimony will also be subject to rigorous cross-examination.

## V.   CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Petitioner's and Claimant GMB's Joint *Daubert* Motion to Strike Certain Opinions of Claimant's Liability Expert, Alan Richard [DE 63] is **GRANTED IN PART AND DENIED IN PART**, as specifically stated in this Order.

The Court's rulings herein are without prejudice to any party's ability to seek reconsideration of this Court's Order during the crucible of trial, in the event circumstances arise which support such a request.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February, 2024.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge